**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CLAIRE SNYDER, | : | Case No. 3:11-cv-201 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED FOR AN IMMEDIATE AWARD OF DISABILTY INSURANCE BENEFITS AND/OR SUPPLEMENTAL SECURITY INCOME BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g) and § 1383(c). At issue is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff Claire Snyder ("Plaintiff") was not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's Memorandum in Opposition (doc. 13), Plaintiff's Reply (doc. 14), the administrative record (doc. 10), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.  BACKGROUND

## A.  Procedural History

Plaintiff filed her applications for DIB and SSI on November 13, 2007, asserting that she has been under a "disability" since October 12, 2007.  Doc. 10-5 at PageID 155-66.  She claims she is disabled due to primary biliary cirrhosis ("PBC"),[1] cholesterol, and a right shoulder injury.  Doc. 10-6 at PageID 184.

Following initial administrative denial of her applications, Plaintiff received a hearing before ALJ Amelia Lombardo on April 7, 2010.  Doc. 10-2 at PageID 79-98.  On August 25, 2010, the ALJ issued a written decision concluding that Plaintiff was not "disabled."  *Id.* at PageID 57-69.

Specifically, the ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since October 12, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairment[s]: primary biliary cirrhosis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[1] Primary biliary cirrhosis is "a condition occurring mainly in middle-aged women, characterized by cholestasis with hyperlipemia, pruritus, and hyperpigmentation of the skin." *Stedman's Medical Dictionary* 384 (28th ed. 2006).

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).[2]

6. The claimant is capable of performing past relevant work as a receptionist, office clerk, insurance clerk, and medical records clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 12, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at PageID 59-69.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. *Id.* at PageID 46-48; *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this appeal on June 10, 2011. Doc. 5.

### B. Plaintiff's Vocational Profile and Testimony

Plaintiff was 44 years old on her alleged disability onset date and thus considered a "younger individual." *See* 20 C.F.R. § 404.1563(c); doc. 10-5 at PageID 155. Plaintiff completed two years of college. *See* doc. 10-6 at PageID 192. She has past relevant work as a receptionist, office clerk, medical records clerk, and insurance clerk. *See* doc. 10-2 at PageID 94.

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b).

Before the ALJ, Plaintiff testified that she has PBC that causes severe, constant itching on both of her arms, from hand to shoulder. *See id.* at PageID 84, 89-90. She reported that the itching substantially increased in 2005, describing it as follows: "My itching feels like pins and needles, just pricking me. It's super painful." *Id.* at PageID 87. Consequently, Plaintiff has difficulty concentrating and working productively. *Id.* She has lost a job before because she worked too slowly due to her constant scratching. *Id.*

Plaintiff has tried different topical creams, lotions, foams, and ointments to relieve her itching, but none have been effective. *Id.* at PageID 85. She is able to obtain some relief from the itching by applying ice packs to numb her arms. *Id.* at PageID 89. However, the ice pack treatment is problematic because she must hold the ice packs and thus cannot work with her hands. *See id.* at PageID 90.

Additionally, Plaintiff testified that she is fatigued during the day because the itching interferes with her sleep at night. *Id.* at PageID 87-88. She testified that she used to take naps in the bathroom at work because she was so sleep-deprived. *Id.* Her fatigue is further compounded by the sedating effect of her medications. *Id.* at PageID 88-89. Plaintiff typically breaks driving into short trips because she falls asleep behind the wheel. *Id.* at PageID 91.

Plaintiff further testified that she has suffered from depression for several years. *Id.* at PageID 91-92. She lacks motivation to rise from her bed and get dressed for the day. *See id.*

Plaintiff testified that she does household chores "sometimes," and her husband and son help. *Id.* at PageID 88, 96-97. Plaintiff also testified that she sometimes has to stop in the middle of a task, such as cooking or doing dishes, in order to ice her arms. *Id.* at PageID 97.

4

### C. Vocational Expert Testimony

Brian Womer, a vocational expert ("VE"), also testified at the hearing. *Id.* at PageID 93-96. The ALJ proposed a series of hypotheticals regarding Plaintiff's RFC; based on Plaintiff's age, education, work experience, and RFC, the VE testified that there were 80,000 light exertional jobs in the regional economy which Plaintiff could perform. *Id.* at PageID 95. The VE also testified that if Plaintiff was "off-task" due to itching, fatigue, pain, or applying ice for approximately one-third of the work day, she would not be able to perform any of the 80,000 jobs identified. *Id.* at PageID 96.

## II. STANDARDS OF REVIEW

### A. Substantial Evidence Standard

The Court's inquiry on appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Id.*

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.* A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

    4.       Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.       Considering the claimant's age, education, past work experience, and RFC, can he or she perform other work that is available in the national economy?

20 C.F.R. § 404.1520(a)(4).

### III. MEDICAL EVIDENCE

#### A. Plaintiff's Medical History

In October 2005, Plaintiff's ultrasound indicated possible cirrhosis. Doc. 10-7 at PageID 284, 388. In March 2006, Plaintiff's treating digestive specialist, David Novick, M.D., diagnosed Plaintiff with PBC. *Id.* at PageID 359. One symptom of PBC is pruritus (commonly known as itching). *Stedman's Medical Dictionary* 384, 1587 (28th ed. 2006). Plaintiff's complaints of itching are consistently documented in her treating doctors' notes from August 2005 through January 2009. *See e.g.,* doc. 10-7 at PageID 296-98; doc. 10-8 at PageID 403, 406-07, 409-10, 415-18, 462; doc. 10-9 at PageID 503, 506, 518-19, 737-44. Plaintiff's psychiatric records likewise document her complaints of severe itching and fatigue. Doc. 10-10 at PageID 750-756, 765-70.

During the period here at issue, Plaintiff was treated by a dermatologist, James F. Rohrer, M.D. *See id.* at PageID 758-60. Dr. Rohrer tried a variety of treatments, but Plaintiff still complained of itching. *See id.* at PageID 758-60, 784-85. Dr. Rohrer noted that "[t]opical therapy may help but this is an extremely difficult condition to control with topical preparations since her itching is not the normal type that we see associated with many skin diseases." *Id.*

7

## B. Treating Sources' Opinions

Several treating doctors opined that Plaintiff could not work due to her PBC symptoms. David M. Novick, M.D., who began treating Plaintiff in November 2005 for her PBC, stated in a letter dated May 7, 2008 that Plaintiff's itching "has been quite disabling and she is bothered by fatigue and irritability." Doc. 10-9 at PageID 519. Likewise, in September 2008, Dr. Novick stated, "The itching is a major interference with her daily life and makes it impossible for her to work." *Id.* at PageID 739. In March 2009, Dr. Novick opined that Plaintiff cannot work full-time. Doc. 10-10 at PageID 757. He noted that Plaintiff had tried multiple treatments without benefit. *Id.* As objective support for this finding, Dr. Novick relied on, among other evidence, Plaintiff's elevated liver tests; and her previous liver biopsy showing significant inflammation and fibrosis. *Id.*

Bruce Hymon, M.D., a cardiologist, noted that Plaintiff suffered from fatigue and pruritis due to her PBC. *Id.* at PageID 771. In March 2010, he stated, "I feel [Plaintiff] is totally and permanently disabled on the basis of my recent examination." *Id.*

Moreover, on March 26, 2010, Guy Neff, M.D. and Amy Gaddis, M.S. from the UC Physicians, Department of Internal Medicine, stated:

> Ms. Snyder suffers from chronic liver disease secondary to primary biliary cirrhosis. This disease causes significant pruritis, which interferes with her ability to perform daily tasks. The medications she takes to help combat the pruritis [] cause[s] drowsiness. This, in addition to the fact that she has difficulty sleeping at night secondary to the itching, make her extremely fatigued during the day. These issues make it difficult for her to function and perform the normal duties of a job.

*Id.* at PageID 772.

### C.   Non-Treating Opinions

Despite these treating sources' disability findings, the non-treating, state agency doctors made contrary findings -- that Plaintiff is not disabled.  In February 2008, for example, Jeffrey Vasiloff, M.D. completed a physical RFC assessment form, concluding Plaintiff is capable of performing light work.  Doc. 10-8 at PageID 479-86.  In making this finding, Dr. Vasiloff did not discuss or account for Plaintiff's itching symptoms.  *See id.*

In June 2008, another state agency doctor, Michael Stock, M.D., reviewed Plaintiff's records and affirmed Dr. Vasiloff's finding – that Plaintiff is capable of light work.  Doc. 10-9 at PageID 734.  Without citing to supporting medical evidence, Dr. Stock noted that Plaintiff's itching had "improved," even though that finding is inconsistent with Dr. Novick's note in April 2008 that Plaintiff still complained of itching.  *Id.* at PageID 503, 518, 734.

### IV.  ANALYSIS

In her Statement of Errors, Plaintiff raises five related arguments:

>  1.   The ALJ's decision is not supported by substantial evidence;
>  2.   The ALJ fails to properly apply the regulatory standard for evaluating symptoms to Plaintiff's itching and fatigue;
>  3.   The ALJ errs in her rejection of the consistent and supported opinions of four separate treating sources;
>  4.   The ALJ fails to properly assess Plaintiff's credibility; and
>  5.   The Commissioner's position is not substantially justified.

Doc. 11 at PageID 793-94.  Essentially, Plaintiff challenges the ALJ's RFC finding - which did not fully accommodate Plaintiff PBC-related symptoms, *i.e.,* itching and fatigue.  Having carefully reviewed the record, the Court finds Plaintiff's argument well-taken.  There is ample evidence in the record showing that Plaintiff suffers from severe, constant itching, and accompanying fatigue, but the ALJ failed to account for those symptoms in determining

Plaintiff's RFC.  Therefore, the Court finds the ALJ's RFC unsupported by substantial evidence. The VE's analysis, based upon that RFC, is thus likewise unsupported by substantial evidence.

In a case such as this, where Plaintiff claims her PBC *symptoms*, and not the condition itself, renders her disabled, a two-step process is used in evaluating her complaints: (1) the ALJ must determine whether there is "an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the claimant's pain or other symptoms"; and (2) if so, the ALJ "must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." *See* 20 C.F.R. §§ 404.1529, 416.929; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  The ALJ may not disregard a claimant's subjective complaints solely on a lack of supporting objective medical evidence.  *See* 20 C.F.R. §404.1529(c)(2). Rather, the ALJ must consider all relevant factors in evaluating the claimant's symptoms, including "the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; factors that precipitate or aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; [and] other treatment undertaken to relieve symptoms." *Rogers*, 486 F.3d at 247.

Here, the ALJ accepted Plaintiff's diagnosis of PBC.  *See* doc. 10-2 at PageID 67.  In fact, the ALJ found that Plaintiff's PBC qualified as a "severe" impairment under the Social Security regulations.  *Id.* at PageID 59-60.  Further, the ALJ found that Plaintiff's PBC could

10

reasonably be expected to cause her alleged symptoms.[3] *See id.* at PageID 63. Nonetheless, the ALJ ultimately concluded, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." *Id.* It appears the ALJ came to this conclusion because she believed Plaintiff's testimony was inconsistent with her statements in the Social Security Disability forms she completed earlier. *See id.*

The Court finds fault with the ALJ's conclusion – that Plaintiff's statements are not credible – on that basis. The Court views Plaintiff's testimony – regarding her ability to work – as consistent with her statements made in the Social Security Disability forms she completed when applying for disability benefits. *Compare* doc. 8-2 at PageID 87-90 *with* doc. 10-6 at PageID 184, 210, 214-18; doc. 10-9 at PageID 614-16. In those forms, Plaintiff disclosed that her itching and fatigue impaired her work-related abilities, just as she testified before the ALJ. For example, in one form cited by the ALJ, Plaintiff reports she is "constantly itching and very tired all the time"; she cannot sit, stand or walk more than a couple of hours; she cannot lift or carry more than ten pounds or perform repetitive activities; and she has difficulty concentrating and remembering due to lack of sleep and her medications. Doc. 10-6 at PageID 184. In another form, she noted that her PBC affects her ability to complete tasks and concentrate, explaining "If I have to stop to itch [it] may delay my progress during work," and itching causes her to "lose concentration from being irritated and sleepy." *Id.* at PageID 210.

---

[3] There is no dispute that pruritis (itching) is a symptom of PBC. *See supra* note 2 (citing pruritus as a symptom of PBC); *Buesching v. Bowen*, No. CV88-1502, 1989 WL 6749, at *6 (C.D. Cal. Jan. 26, 1989) (finding the ALJ erred in failing to accommodate Plaintiff's PBC-related itching and noting "[p]ruritus usually 'insidiously' afflicts patients with biliary cirrhosis") (quoting *The Merk Manual* 834 (14th ed. 1982)); doc. 10-7 at PageID 304-307.

Likewise, the Court finds Plaintiff's testimony regarding her daily activities is consistent with her statements in her Social Security Disability forms. *Compare* doc. 10-2 at PageID 88, 96-97 *with* doc. 10-6 at PageID 206-12, 237. Similar to her testimony at the administrative hearing, Plaintiff reported that whatever she does – shower, dress, clean, cook, or other daily activities – she has to consistently stop what she is doing in order to ice her arms. Doc. 10-6 at PageID 237. Further, she noted that at home she "can do things at [her] own pace or take a nap." *Id.* at PageID 206. Accordingly, the Court finds the ALJ's conclusion – that Plaintiff's statements regarding her symptoms were not credible – to be unsupported by substantial evidence.

Moreover, the Court notes the ALJ failed to recognize that Plaintiff's subjective complaints of disabling symptoms - itching and fatigue - are consistent with the entire case record and the objective evidence contained therein. *See Rogers*, 486 F.3d at 247. Objective medical evidence demonstrates that Plaintiff suffers from PBC; incessant itching and fatigue are common symptoms of that condition; and Plaintiff suffers from both itching and fatigue. As discussed more fully above, several of Plaintiff's treating doctors opined that she is unable to work due to her PBC-related symptoms. *See supra*.

Evaluating Plaintiff's symptoms based on the factors listed in *Rogers*,[4] the Court finds the ALJ's RFC finding improperly fails to account for Plaintiff's work-related limitations caused by her PBC symptoms. First, although Plaintiff is able to perform household chores and other daily activities, she can only do so intermittently, thus indicating that she is unable to perform full-

---

[4] The factors include "the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; factors that precipitate or aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; and other treatment undertaken to relieve symptoms." *Rogers*, 486 F.3d at 247.

time work. *See Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967) (noting that intermittent activities do not indicate an ability to engage in substantial gainful activity). Second, Plaintiff's testimony regarding the location, duration, frequency, and intensity of her itching and fatigue suggest some work accommodation is necessary. *See* doc. 10-2 at PageID 84-89. Third, Plaintiff noted that certain conditions, such as wearing long sleeves and being in the heat, aggravate her itching. *See* doc. 10-7 at PageID 302. Fourth, Plaintiff has tried various treatments to relieve her itching, and the only effective treatment is icing her arms; and she cannot use her arms when icing. *See* doc. 10-2 at PageID 85-86, 89-90. Finally, the side effects of her medication make her drowsy. *See id.* at PageID 88-91. None of these factors were included in the ALJ's RFC.

In sum, the ALJ's RFC finding – that Plaintiff could perform a full range of light work – did not include any work restrictions to account for Plaintiff's itching, even though, as recounted above, it was repeatedly documented in the record. Nor did the RFC fully account for Plaintiff's fatigue. Based on the foregoing analysis, the Court finds the ALJ's RFC determination is unsupported by substantial evidence.

Accordingly, the ALJ's Step Four finding – that Plaintiff can perform her past relevant work (receptionist, office clerk, insurance clerk, and medical records clerk) – is likewise found unsupported by substantial evidence. *See* doc. 10-2 at PageID 68. On this basis alone this case merits reversal. As noted above, the ALJ did not proceed in this case to Step Five. Had the ALJ done so, reversal would nonetheless be required here given that Plaintiff is unable to perform the 80,000 light, unskilled jobs identified by the VE (because those jobs rely on the ALJ's incorrect RFC). *See id.* at PageID 95.

When, as here, the non-disability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits be granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan,* 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.,* 17 F. 3d 171, 176 (6th Cir 1994). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *See Mowery*, 771 F.2d at 973; *Lowery v. Comm'r of Soc. Sec.*, No. 3:10-cv-427, 2011 U.S. Dist. LEXIS 154323, at *31-32 (S.D. Ohio Dec. 8, 2011) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 40333 (S.D. Ohio Mar. 23, 2012) (Rice, J.); *Valentine v. Astrue*, No. 3:10-cv-470, 2011 U.S. Dist. LEXIS 154178, at *29-30 (S.D. Ohio Dec. 7, 2011) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 36736 (S.D. Ohio Mar. 19, 2012) (Rice, J.). Such is the case here.

The proof of disability here is great and remand will serve no purpose other than delay. The VE testified that an individual, such as Plaintiff, who would be "off-task . . . approximately . . . a third of the work day due itching, fatigue, pain, needing to use ice" would not be able to perform any of the jobs she identified. *See* doc. 10-2 at PageID 96. Therefore, all substantial factual issues have been resolved and the record reflects that Plaintiff is disabled, and has been disabled since October 12, 2007.

## V.  RECOMMENDATION

### IT IS THEREFORE RECOMMENDED THAT:

1. The ALJ's non-disability finding be found **UNSUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**;

2. This case be **REMANDED FOR AN IMMEDIATE AWARD OF DIB AND/OR SSI BENEFITS WITH AN ONSET DATE OF OCTOBER 12, 2007**; and

3. This case be **CLOSED.**

August 3, 2012                                              **s/Michael J. Newman**
                                                            United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).